NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA,
*Appellee*,

*v.*

RORY RAY BOLDAN,
*Appellant*.

No. 1 CA-CR 18-0474
FILED 6-13-2019

Appeal from the Superior Court in Mohave County
No. S8015CR201500975
The Honorable Billy K. Sipe, Jr., Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Mohave County Legal Advocate, Kingman
By Jill L. Evans
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Diane M. Johnsen delivered the decision of the Court, in which Judge Michael J. Brown and Judge Jennifer M. Perkins joined.

---

**J O H N S E N**, Judge:

**¶1**          Rory Ray Boldan timely filed this appeal in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), following his convictions of possession of dangerous drugs, a Class 4 felony; possession of drug paraphernalia, a Class 6 felony; providing false information to a law enforcement officer, a Class 1 misdemeanor; and driving with a suspended driver's license, a Class 1 misdemeanor. Boldan's counsel has searched the record on appeal but found no arguable question of law that is not frivolous, and asks this court to search the record for reversible error. *See Smith v. Robbins*, 528 U.S. 259, 284 (2000); *Anders*, 386 U.S. at 744; *State v. Clark*, 196 Ariz. 530, 537 (App. 1999). Boldan was given the opportunity to file a supplemental brief but did not do so. After reviewing the entire record, we affirm Boldan's convictions and sentences.

**FACTS AND PROCEDURAL BACKGROUND**

**¶2**          A Bullhead City police officer pulled over a vehicle with an obstructed windshield. Boldan, the driver, did not have his driver's license with him and gave the officer a false name and birthdate. The officer detained Boldan and questioned his passenger, who provided the officer with Boldan's real name. Boldan then confirmed his real name and admitted to the officer that his license was suspended. The officer arrested Boldan and transported him for booking. When Boldan was searched during booking, the officer discovered approximately eight grams of methamphetamine wrapped in plastic cellophane.

**¶3**          The State charged Boldan with one count of possession of dangerous drugs under Arizona Revised Statutes ("A.R.S.") section 13-3407(A)(1) (2019) and one count of possession of drug paraphernalia for the plastic cellophane he used to store the methamphetamine. *See* A.R.S. § 13-3415(F)(2) (2019) ("'Drug paraphernalia' means all equipment, products and

materials of any kind which are used . . . in . . . storing . . . a drug.").[1]  An eight-person jury convicted him of both charges.  After finding that Boldan had one historical prior felony conviction, the superior court sentenced him as a category-two repetitive offender to three years' imprisonment for possession of dangerous drugs and one year for possession of drug paraphernalia.  *See* A.R.S. § 13-703(I) (2019).

**¶4**        The State also charged Boldan with two misdemeanors: One count of providing false information to a law enforcement officer under A.R.S. § 13-2907.01 (2019), and one count of driving with a suspended driver's license under A.R.S. § 28-3473 (2019).  Following a bench trial, the superior court convicted him of both charges and sentenced him to 137 days' incarceration.  The court ordered all four sentences to be served concurrently and awarded Boldan 137 days of presentence incarceration credit.

**¶5**        Boldan timely appealed.  We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21(A)(1) (2019), 13-4031 (2019) and -4033(A)(1) (2019).

## DISCUSSION

**¶6**        Boldan was absent for both trials, which were held the same day.  "A defendant has a constitutional right to be present at every stage of a trial under the Sixth and Fourteenth Amendments to the United States Constitution and Article 2, Section 24 of the Arizona Constitution." *State v. Fitzgerald*, 232 Ariz. 208, 215, ¶ 31 (2013).  A defendant may voluntarily waive his right to attend trial.  Ariz. R. Crim. P. 9.1; *Fitzgerald*, 232 Ariz. at 215, ¶ 31.  The court properly may infer that a defendant's absence at trial is voluntary if the defendant had (1) actual notice of the date and time of the proceeding, (2) notice of the right to be present, and (3) notice that the proceeding would go forward in the defendant's absence.  Ariz. R. Crim. P. 9.1.

**¶7**        The record demonstrates that all three elements of Rule 9.1 were met.  Boldan was present at the final management conference, at which the court set the trial date and ordered him to appear at trial.  At that conference, Boldan and the court engaged in the following colloquy:

> [The court:] As I've indicated to you before, if you fail to appear, the trial will still proceed in your absence.  And you

---

[1]        Absent material revision after the date of an alleged offense, we cite the current version of a statute or rule.

can be found guilty even if you're not here to defend yourself. Further, if you're convicted at your trial and your voluntary absence prevents sentencing from occurring within 90 days after conviction, then you'll lose your right to an appeal. Mr. Boldan, do you understand those advisements?

[Boldan:] Yes, sir.

¶8        Despite knowing the date and time of his trials and confirming that he understood his right to be present and that the trials would proceed in his absence, Boldan failed to appear without providing an explanation to his attorney.  In fact, Boldan absconded until he was arrested on a bench warrant months later in Nevada and extradited to Mohave County.  Because the elements of Rule 9.1 were met, the superior court did not err by inferring that Boldan voluntarily chose not to be present and did not err in holding Boldan's trials in his absence.

¶9        The record also reflects Boldan received a fair trial.  He was represented by counsel at all stages of the proceedings against him.  The State presented both direct and circumstantial evidence sufficient to allow the jury to convict.  The jury was properly comprised of eight members. The court properly instructed the jury on the elements of the charges, the State's burden of proof, the presumption of innocence and the necessity of a unanimous verdict.  The jury returned a unanimous verdict.  The State also presented both direct and circumstantial evidence sufficient to allow the court to convict Boldan of the misdemeanor charges after the bench trial.

¶10       Boldan was present for sentencing on all charges.  The court received and considered a presentence report, addressed its contents during the sentencing hearing and imposed legal sentences for the crimes of which Boldan was convicted.

**CONCLUSION**

¶11       We have reviewed the entire record for reversible error and find none, and therefore affirm Boldan's convictions and resulting sentences.  *See Leon*, 104 Ariz. at 300.

¶12       Defense counsel's obligations pertaining to Boldan's representation in this appeal have ended.  Counsel need do no more than inform Boldan of the outcome of this appeal and his future options, unless, upon review, counsel finds "an issue appropriate for submission" to the Arizona Supreme Court by petition for review.  *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984).  On the court's own motion, Boldan has 30 days to

proceed, if he wishes, with a *pro per* motion for reconsideration.  Boldan has 30 days from the date of this decision to proceed, if he wishes, with a *pro per* petition for review.



AMY M. WOOD • Clerk of the Court
FILED:   AA